**In re NESHAMINY OFFICE BUILDING ASSOCIATES, a Pennsylvania limited partnership, Debtor.**

**Bankruptcy No. 81–00391G.**

United States Bankruptcy Court, E.D. Pennsylvania.

Sept. 4, 1986.

See also, 63 B.R. 995.

Nathan Lavine, Mark J. Packel, Adelman, Lavine, Krasny, Gold & Levin, Philadelphia, Pa., for Neshaminy Plaza Associates.

Alexander N. Rubin, Jr., Rubin, Quinn and Moss, Philadelphia, Pa., for trustee, Norman Kranzdorf.

Leonard M. Klehr, Neal A. Jacobs, Klehr, Harrison, Harvey, Branzburg, Ellers & Weir, Philadelphia, Pa., for limited partners of Neshaminy Office Bldg. Associates, the debtor.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The heart of the controversy at issue is whether we should grant a motion to strike certain objections to a proposed stipulation which were filed after the entry of our order approving the stipulation and the order of the district court vacating our order of approval and remanding the issue to us for further findings of fact. Since the order and accompanying opinion of the district court do not expressly or implicitly direct amendment of the pleadings, we will grant the motion to strike the objections.

The facts of this case are as follows:[1] Fidelity America Financial Corp. ("FAFCO") and three related debtors, Fidelity America Mortgage Co. of Pennsylvania, Delaware and Nevada (collectively known herein as "FAMCO"), filed petitions for reorganization under chapter 11 of the Bankruptcy Code in 1981. Another related entity, the partnership of Neshaminy Office Building Associates ("NOBA"), likewise filed a chapter 11 petition at that time. Shortly thereafter, Norman Kranzdorf ("Kranzdorf") was appointed trustee for FAFCO and FAMCO although no trustee was appointed for NOBA.

In 1982 Kranzdorf, on behalf of FAMCO, signed a stipulation with the movant, Neshaminy Plaza Associates ("NPA"), in order to terminate a dispute between them. Certain limited partners of NOBA objected to the settlement. By order, supported by written opinion, we overruled the objections and approved the stipulation. *In Re*

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

*Fidelity America Finance Corp.,* 43 B.R. 74 (Bankr.E.D.Pa.1984). The limited partners appealed this decision and the district court vacated our order approving the stipulation. *Neshaminy Office Building Assoc.,* 62 B.R. 798 (E.D.Pa.1986). The district court remanded the matter to us to determine "the value of the rights being relinquished by NOBA, and the value of what NOBA received in return." *Id.* at 804. The opinion of the district court clearly requires us to take additional evidence but nowhere does that opinion suggest that the pleadings be augmented.

On remand, the limited partners served notices of deposition on Arsen Kashkashian and Anthony H. Murray, Jr., and directed them to appear in Philadelphia with voluminous records of NPA. NPA filed a motion for a protective order requesting that we enter an order directing that no records, or only limited records, need be produced. NPA further requested that, if records must be produced, they be produced at the offices of NPA in the suburbs of Philadelphia.

After remand, the limited partners filed an additional set of objections to the proposed settlement. NPA filed a motion to strike these objections.

█ On the issue of the motion for a protective order, NPA asserts that the request for documents should be limited to those generated during a limited period ending with the signing of the stipulation. Since the records are voluminous, NPA also requests that the depositions be held at NPA's office in Cornwells Heights. We agree with NPA that its request represents a reasonable balance between the benefits and burdens of discovery. Accordingly, we will enter an order directing that the depositions be held at NPA's office in Cornwells Heights and further order that the production of documents be limited to those generated within five years prior to the signing of the stipulation.

We now shift to the primary issue for consideration, which is whether we should grant NPA's motion to strike the post-remand objections of the limited partners to the proposed stipulation. On this issue, the filing of subsequent objections is analogous to the lodging of amendments to a complaint. Amendments in adversary actions in bankruptcy are governed by Fed.R. Civ.R. 15 which is incorporated by reference through Bankruptcy Rule 7015. Although the current dispute arises under Bankruptcy Rule 9014, which does not expressly incorporate Fed.R.Civ.P. 15 or Bankruptcy Rule 7015, we may expressly order the application of Bankruptcy Rule 7015 "at any state in a particular matter." Bankruptcy Rule 9014. Even in the absence of such an order, the legal principles underlying Bankruptcy Rule 7015 or Fed.R. Civ.P. 15 afford counsel to our decision.

█ As a general proposition under Fed.R.Civ.P. 15, leave to amend should be granted liberally. *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Adams v. Gould, Inc.,* 739 F.2d 858, 864 (3d Cir.1984). Nonetheless, after a case has been appealed and remanded, proposed amendments must conform with the mandate of the appellate court. *Quern v. Jordan,* 440 U.S. 332, 334, 347 n. 18, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); *Commercial Paper Holders v. Hine* (In Re Beverly Hills Bancorp), 752 F.2d 1334 (9th Cir.1984). In the instant case, the directive on remand was limited to our determining whether the debtor would receive as much as it would surrender in the proposed settlement. The post-remand objections go beyond this mandate, and consequently, the NPA's motion to strike the objections will be granted. We will enter an appropriate order.