## In re COMMONWEALTH INSTITUTIONAL SECURITIES, INC.

**Excel Energy, Inc., Appellant,**

v.

**R. Gene Smith, Appellee.**

**No. CIV.A.3:02CV–8–S.**

United States District Court,
W.D. Kentucky,
at Louisville.

Nov. 13, 2002.

---

Donald L. Cox, William H. Mooney, Lynch, Cox, Gilman & Mahan, Louisville, KY, for Appellant.

David Marcus Cantor, Seiller & Handmaker, Louisville, KY, for Appellee.

Paul Edward Porter, Greenebaum, Doll & McDonald, Louisville, KY, for Debtor.

## MEMORANDUM–OPINION

SIMPSON, District Judge.

This matter is before the court on appeal from a decision of the United States Bankruptcy Court for the Western District of Kentucky to disallow appellant Excel Energy's ("Excel") proof of claim for

$165,543.03 against the Estate of Commonwealth Institutional Securities, Inc. ("Commonwealth"). Disallowance was ordered upon joint motion of John R. Wilson, Trustee, and R. Gene Smith ("Smith"), claimant in and interested party to the Estate, based on a March 1998 Order of the Jefferson Circuit Court which determined Commonwealth was not a "seller" of securities to the appellant for purposes of Kentucky Blue Sky Laws, Kentucky Revised Statutes Annotated § 292.010, et seq. (Michie 2001). Following the Bankruptcy Court's decision to disallow the proof of claim, Excel filed a motion to alter, amend or vacate the court's judgment. The motion was overruled. Excel appealed.

## PROCEDURAL BACKGROUND

On February 24, 1885, Excel filed a complaint in Jefferson Circuit Court against Commonwealth, Smith (Commonwealth's managing director and majority shareholder), and Gerald Brenzel (Commonwealth's president). The complaint was based on Excel's purchase of unregistered shares in Performance Nutrition, Inc. from Commonwealth in violation of Kentucky Blue Sky Laws. (This action is hereinafter referred to as the "state court action"). The complaint stated three claims for relief.

Count I alleged Commonwealth was liable to Excel under KY.REV.STAT. ANN. § 392.340 (Michie 1999) as a seller of unregistered securities. Count II alleged Brenzel was liable under KY.REV.STAT. ANN. § 292.480(2) (Michie 2001)[1] as an officer or director who materially aided in the sale of unregistered securities. Count III alleged Smith was liable as a person who controlled a "seller" of unregistered securities

under KY.REV.STAT. ANN. § 292.480(2)(Michie 2001).

On October 19, 1995, Commonwealth filed a voluntary petition with the Bankruptcy Court seeking relief under Chapter 7 of the United States Bankruptcy Code. On March 27, 1996, Excel filed its Proof of Claim against Commonwealth, and attached a copy of the complaint filed in Jefferson Circuit Court.

Commonwealth's bankruptcy filing stayed any further action against it in Jefferson Circuit Court. However, state litigation continued against the other defendants. On November 13, 1997, Smith filed a motion for summary judgment in the state court action to dismiss Count III of Excel's complaint. Smith argued that even if he controlled Commonwealth, he was not liable since Commonwealth served merely as a broker, and not a seller, of the unregistered stock. Judge Potter of the Jefferson Circuit Court granted Smith's motion in a written opinion (hereinafter referred to as the "Potter Opinion") entered March 25, 1998. Commonwealth was not a party to this motion. Judge Potter concluded Smith was not liable to Excel because Commonwealth was not a seller. After reviewing the cases cited by the parties and considering the structure and language of the statute in issue, the Potter Opinion concluded that "a stock broker who merely executes a trade and has no other interest in the stock other than his commission is not a 'seller' as that section is used in KRS 292.480(1)."

Thereafter, Smith and John Wilson, the Chapter 7 Trustee for the estate of Commonwealth Institutional Securities, Inc, filed a motion for summary judgment in the Bankruptcy Court requesting disallow-

---

1. The provisions of KY.REV. STAT. ANN. § 292.480 were amended and KY.REV.STAT. ANN. § 292.480(2) is now KY.REV.STAT. ANN. § 292.480(4). For purposes of this appeal and for the sake of consistent reading of state court pleadings, this opinion will refer to KY. REV.STAT. ANN § 292.480(4) as KY.REV.STAT. ANN. § 292.480(2).

ance of Excel's claim on the basis of the collateral estoppel. On May 11, 1999, before the Kentucky Supreme Court ruled on Excel's appeal in the state court action, Judge Dickinson of the Bankruptcy Court entered a Memorandum–Opinion and Order on the motion for summary judgment (herein after referred to as the "1999 Opinion").

In the 1999 Opinion, Judge Dickinson determined that the state court action had resolved the identical issue facing the Bankruptcy Court: "determining whether Excel has a claim against the Debtor, i.e., was Commonwealth a 'seller' of unregistered security for purposes of Kentucky Blue Sky Law." Judge Dickinson held that all elements of collateral estoppel were met with regard to the claim made by Excel against Commonwealth, except that the state court action was not yet final. Therefore, Judge Dickinson deferred granting summary judgment until the Kentucky Supreme Court ruled on Excel's appeal. He entered an order holding the Bankruptcy Court's ruling in abeyance.

On November 22, 2000, the Kentucky Supreme Court affirmed the dismissal of Excel's appeal by the Court of Appeals, and a subsequent petition for rehearing was denied.

On May 11, 2001, Judge Cooper of the Bankruptcy Court entered judgment on the motion for summary judgment of R. Gene Smith and John R. Wilson, Trustee, "on the basis of collateral estoppel" (hereinafter referred to as the "2001 Judgment"). The claim of Excel was disallowed. The 2001 Judgment incorporated by reference the 1999 Memorandum–Opinion.

Excel filed a motion seeking to have the 2001 Judgment altered, amended or vacated claiming that the doctrine of collateral estoppel did not apply to Excel's claim against Commonwealth as a broker-dealer of securities sold in violation of KRS 292.480(2). The court denied Excel's motion to alter, amend, or vacate the 2001 Judgment holding that Excel never raised a broker-dealer claim in its complaint. Therefore, the Potter Opinion could not have disposed of it on its merits.

## LEGAL ANALYSIS

■ A bankruptcy court's conclusions of law are reviewed *de novo*. *In re Federated Department Stores, Inc.*, 270 F.3d 994, 1000 (6th Cir.2001). As well, because the availability of collateral estoppel is a mixed question of law and fact, it is reviewed *de novo*. *In re Thompson*, 262 B.R. 407, 408 (6th Cir. BAP 2001).

The present appeal turns on the issue of collateral estoppel, that is, whether the state court's judgment holding Commonwealth was not a "seller" of securities prevents Excel from asserting a seller claim against Commonwealth in the Bankruptcy Court.

■ "The doctrine of collateral estoppel dictates that once a court has decided an issue of fact or law necessary to the judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *N.A.A.C.P., Detroit Branch v. Detroit Police Officers Ass'n*, 821 F.2d 328, 330 (6th Cir.1987).

■ The parties to this appeal agree that the collateral estoppel issue is governed by the four factors provided by *National Labor Relations Board v. Kentucky May Coal Co.*, 89 F.3d 1235 (6th Cir.1996). First, the precise issue raised in the present case must have been raised and actually litigated in the prior proceeding. *Id.* Second, the determination of the issue must have been necessary to the outcome of the prior proceeding. *Id.* Third, the prior proceeding must have resulted in a

final judgment on the merits. *Id.* Fourth, the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding. *Id.*

■ First, the issue litigated and resolved in the state court action—whether Commonwealth was a "seller" of unregistered securities—is the identical issue the Bankruptcy Court faced when determining whether Excel had a claim against Commonwealth. In order to rule on Smith's motion for summary judgment in the state court action, Judge Potter found it necessary to determine whether Commonwealth was a "seller" of unregistered securities. Excel's Proof of Claim in Bankruptcy Court rests on the complaint in the state court action alleging Commonwealth to be a seller of unregistered securities. Thus, both actions raise the same issue.

Second, Judge Potter's determination that Commonwealth was not a "seller" of unregistered securities was material and necessary to the outcome of Smith's motion for summary judgment. Smith's motion was based on the assertion that even if he controlled Commonwealth, he could not be liable because it was not a "seller." After determining that Commonwealth was not a "seller," Judge Potter granted Smith's motion for summary judgment. Therefore, the determination was necessary to the outcome of the proceeding in which the issue was decided.

Third, Excel had a full and fair opportunity to litigate the issue in the state court action. Excel was a party to the state court action and had sufficient opportunity to address the court regarding whether Commonwealth was a "seller." The fact that Excel's action against Commonwealth had been stayed is immaterial.

Finally, the state court action resulted in a final judgment on the merits. The Kentucky Supreme Court provided finality on November 22, 2000 when it entered an opinion affirming the dismissal of Excel's appeal by the Kentucky Court of Appeal. A subsequent petition of rehearing to the Kentucky Supreme Court was denied.

Therefore, because the state court determined that Commonwealth was not a "seller" of securities under KY.REV.STAT. ANN. § 292.480, the Bankruptcy Court is bound by that finding, and collateral estoppel bars it from relitigating the issue.

■ Moreover, upon examination of Excel's complaint it appears that even under the most liberal interpretation, Excel has not raised a broker-dealer claim against Commonwealth under KY.REV.STAT. ANN. § 292.480(2). The complaint clearly spells out a claim against each defendant and specifically lists the statute the plaintiff is relying on to establish liability against that particular defendant. In Count I, Excel alleges liability only under KY.REV.STAT. ANN. § 392.340. The complaint does not claim Commonwealth violated KY.REV.STAT. ANN. § 292.480(2). There is no recitation of facts relating to Commonwealth's material aid in the sale as required under KY. REV.STAT. ANN. § 292.480. Further, the complaint does not contain any language that would reasonably put Commonwealth on notice that a broker-dealer claim had been asserted against it. In order for Excel to have preserved a claim against the Debtor for broker-dealer liability, it must have filed a timely claim. It failed to do so.

■ Excel also urges this court to overturn the Bankruptcy Court's decision denying it leave to amend its complaint to add a broker-dealer claim. An order denying a motion to amend a proof of claim is reviewed under an abuse of discretion standard. *In re Drexel Burnham Lambert, Inc.,* 159 B.R. 420, 424 (S.D.N.Y. 1993). In this case, the Bankruptcy Court

did not abuse its discretion when it refused to allow Excel to amend its complaint.

The analysis for amendment of claims in bankruptcy is identical to the analysis required by Fed.R.Civ.P. 15. *Id.* at 425. The court's decision turns on whether the opposing party will be unduly prejudiced by the amendment. The Bankruptcy Court correctly applied this analysis, and denied Excel leave to amend. The court found that Commonwealth would be substantially prejudiced by the lapse of time. Excel filed its proof of claim in 1996, and more than four years have passed since Excel's claim was challenged by Smith's motion for summary judgment. Thus, the Bankruptcy Court's decision was grounded in fact, and should not be overturned for abuse of discretion.

The final issue before this court is whether Smith should be judicially estopped from raising his collateral estoppel issue because of certain representations that Smith made a 1998 objection to Excel's motion for a protective order.

▮▮▮▮▮ The doctrine of judicial estoppel is an "equitable doctrine invoked by a court at its discretion." *New Hampshire v. Maine*, 532 U.S. 742, 751, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001)(internal citations omitted). The basic premise of the doctrine is that "where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *Id.*

▮▮▮ In determining whether to apply judicial estoppel, the court must consider several factors. First, a party's later position must be clearly inconsistent with its earlier position. *Id.* Second, the party must have succeeded in persuading a court

to accept the party's early position, so that judicial acceptance of an inconsistent position in a later proceeding creates "the perception that either the first or the second court was misled." *Id.* Third, the party seeking to assert an inconsistent position would derive an unfair advantage if not estopped. *Id.*

▮▮▮ First, Smith's statements to the court do not create the impression that he is playing "fast and loose" with the Bankruptcy Court. On the motion for the protective order, he took the position that the areas of inquiry had not been previously litigated and that there had been no final resolution of claims regarding Commonwealth. This is not clearly inconsistent with the position he took in his motion for summary judgment.

Second, in denying the protective order, the court was not persuaded solely by Smith's argument. The Bankruptcy Court decided to permit discovery on Excel's claim against Commonwealth because it determined that the state court action involved a different case, forum, counsel, and legal theory. As well, the court perceived certain areas of inquiry that had not been developed fully in state court discovery. Moreover, Judge Dickinson heard and ruled on both the discovery dispute and Excel's judicial estoppel argument. By rejecting the judicial estoppel claim, the court must necessarily have concluded that it had not been misled.

Finally, allowing additional discovery did not unduly burden Excel. Discovery is a preliminary and interlocutory matter, and allowing a discovery deposition of Excel's president William LaMaster did not provide an unfair advantage to Smith.

Therefore, this court rejects Excel's argument that Smith should be judicially estopped from raising collateral estoppel.

858

Having considered all the issues raised by the parties, this court concludes that the Bankruptcy Court properly granted Smith's motion for summary judgment. All elements of collateral estoppel have been satisfied. Therefore, the state court's determination that Commonwealth was not a "seller" of unregistered securities under KY.REV.STAT. ANN. § 292.480 bars Excel from raising a "seller" claim against Commonwealth in the Bankruptcy Court. The seller claim was the only claim raised by Excel. Commonwealth, Smith and John Wilson, the Trustee, were entitled to judgment as a matter of law.

For the reasons set forth above, **IT IS HEREBY ORDERED AND ADJUDGED** that the order and judgment of the Bankruptcy Court are **AFFIRMED.**