*By order of the Bankruptcy Appellate Panel, the precedential effect of this decision is limited to the case and parties pursuant to 6th Cir. BAP LBR 8013-1(b).  See also 6th Cir. BAP LBR 8010-1(c).*

**File Name:  05b0002n.06**

## BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT

| | | |
|---|---|---|
| In re:   EDWARD T. LOMBARDO, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| ESTATE OF DOROTHY MINGUS, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 04-8060 |
| | ) | |
| EDWARD T. LOMBARDO, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

Appeal from the United States Bankruptcy Court
for the Southern District of Ohio, Eastern Division.
No. 01-59070.

Argued: February 2, 2005

Decided and Filed:  April 28, 2005

Before: COOPER, GREGG, and PARSONS, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ARGUED:**  Robert G. Palmer, Columbus, Ohio, for Appellant.  Terry D. Van Horn, Columbus, Ohio, for Appellee.  **ON BRIEF:**  Robert G. Palmer, Columbus, Ohio, for Appellant.  Terry D. Van Horn, Columbus, Ohio, for Appellee.

---

## OPINION

---

MARCIA PHILLIPS PARSONS, Bankruptcy Appellate Panel Judge. The Estate of Dorothy Mingus appeals a bankruptcy court order disallowing its amended claim as barred by the doctrine of res judicata and denying leave to further amend its claim. For the reasons that follow, the disallowance of the amended claim will be AFFIRMED, the denial of the motion to amend will be REVERSED, and this case REMANDED for further proceedings.

## I.   ISSUES ON APPEAL

The issues on appeal are whether the bankruptcy court erred in disallowing the Estate of Dorothy Mingus's amended claim and in denying leave to the creditor to further amend its claim.

## II.   JURISDICTION AND STANDARD OF REVIEW

The United States District Court for the Southern District of Ohio has authorized appeals to the Bankruptcy Appellate Panel, and a "final order" of the bankruptcy court may be appealed as of right under 28 U.S.C. § 158(a)(1). For purposes of appeal, an order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citations omitted). The bankruptcy court's order disallowing the Estate of Dorothy Mingus's amended claim and denying leave to further amend is a final order. *See Greer v. O'Dell*, 305 F.3d 1297, 1302 (11th Cir. 2002); *Beneke Co. v. Economy Lodging Sys., Inc. (In re Economy Lodging Sys., Inc.)*, 234 B.R. 691, 693 (B.A.P. 6th Cir. 1999). Accordingly, this Panel has jurisdiction to decide this appeal.

While generally a bankruptcy court's decision regarding whether to permit amendment of a proof of claim is reviewed for an abuse of discretion, *see Excel Energy, Inc. v. Smith (In re Commonwealth Institutional Sec., Inc.)*, 286 B.R. 851, 856 (W.D. Ky. 2002) (citing *In re Drexel Burnham Lambert Group, Inc.*, 159 B.R. 420, 424 (S.D.N.Y. 1993)), in this case the bankruptcy

court's denial of leave to amend was based on res judicata principles, and the application of res judicata is subject to de novo review. *See Browning v. Levy*, 283 F.3d 761, 772 (6th Cir. 2002). "De novo means that the appellate court determines the law independently of the trial court's determination." *Treinish v. Norwest Bank Minn., N.A. (In re Periandri)*, 266 B.R. 651, 653 (B.A.P. 6th Cir. 2001). Accordingly, the Panel will review de novo not only the bankruptcy court's decision disallowing the amended claim, but also the denial of the motion to amend.

### III. FACTS

The Debtor Edward Lombardo ("Debtor" or "Appellee") is a ninety-six year old attorney who filed a petition for relief under chapter 7 of the Bankruptcy Code on August 1, 2001. The claim of the Estate of Dorothy Mingus (Ms. Mingus will be referred to as "Mingus" and the Estate of Dorothy Mingus as the "Appellant") arises out of alleged malpractice committed by the Debtor in connection with his representation of Andy Stischok ("Stischok") and the execution of Stischok's will in late 1998. Mingus was a named beneficiary under Stischok's will.

On December 27, 2000, Mingus filed a malpractice action against the Debtor in the Court of Common Pleas of Franklin County, Ohio. The complaint alleged that the Debtor, believing that his client Stischok was being too generous with Mingus, failed to have Stischok's will executed in the presence of two witnesses as required by Ohio law. According to the complaint, this failure constituted both "professional negligence" and "malice, including fraud, bad faith and collusion" and caused Mingus to suffer $1 million in damages.

After the Debtor's bankruptcy filing, Mingus commenced on November 2, 2001, an adversary proceeding against the Debtor in bankruptcy court alleging that her claim against the Debtor pending in the state court action should be declared nondischargeable under 11 U.S.C. § 523(a)(6). Mingus asserted that the state court action was based on "intentional legal malpractice and fraud" and specifically alleged that:

> 8. Defendant Lombardo intentionally, willfully and maliciously lied in his testimony about the execution of the Will since he opposed the disposition of the assets of the estate as directed by the decedent and, or acted with malice, including bad faith, fraud and collusion with the next of kin of Andy Stischok to Plaintiff's detriment and prejudice.

9.   In the alternative Defendant Lombardo intentionally, willfully and maliciously committed malpractice in failing to have the decedent's Last Will and Testament and Codicil executed properly so as to frustrate the wishes of the decedent and to benefit the decedent's relatives as desired by Mr. Lombardo.

Shortly after the commencement of the adversary proceeding, Mingus filed on December 7, 2001, a proof of claim in the Debtor's bankruptcy case.  The stated basis of the claim was "Intentional malpractice/Fraud" and the stated amount of the claim was "$1,000,000.00 (See Adv. Pro. No. 01-0366)," which was a reference to the pending dischargeability adversary proceeding.

After a trial in the adversary proceeding, the bankruptcy court issued a memorandum opinion, finding that the facts and inferences asserted by Mingus were insufficient to prove that the Debtor's actions with regard to Stischok's will were "willful and malicious."  Accordingly, the court concluded that "any damages suffered by Ms. Mingu[s] arising from Mr. Lombardo's alleged legal malpractice [were] not nondischargeable under 11 U.S.C. § 523(a)(6)" and dismissed the adversary proceeding on October 1, 2003.

Mingus died on October 10, 2003, and on January 28, 2004, the state court malpractice action was dismissed because the Estate of Dorothy Mingus was not substituted as the proper party plaintiff in accordance with Ohio Civil Rule 25.  On February 27, 2004, the proof of claim filed by Mingus in the Debtor's bankruptcy case was amended to indicate that the claimant was now the Estate of Dorothy C. Mingus.   As set forth in the original claim, the stated basis of the amended claim was "Intentional malpractice/Fraud" and reference was again made to "Adv. Pro. No. 01-0366," notwithstanding that this proceeding had been dismissed.

On March 8, 2004, the Debtor filed an objection to the amended claim on the basis of res judicata, noting that "the claimant asserted the intentional malpractice/fraud claim in Adversary Proceeding 01-0366 herein, and this Court ruled in favor of the Debtor and against the claimant as to any intentional malpractice/fraud claim . . . ."  At a hearing on the objection held May 18, 2004, the bankruptcy court engaged in an extensive colloquy with counsel for the parties regarding the basis of Appellant's amended claim.  The court agreed with the Debtor that a determination had previously been made in the context of the adversary proceeding that the underlying facts of the case did not support a finding of intentional malpractice or fraud.  Accordingly, in light of this prior determination, the court concluded that Appellant's amended claim, which had a stated basis of

"Intentional malpractice/Fraud," was not valid as filed. Nonetheless, because of statements by counsel for the Appellant that a malpractice claim existed under Ohio law based on negligence or negligence combined with special circumstances, which the bankruptcy court construed as a desire by Appellant to further amend its claim to assert liability under ordinary legal malpractice rather than intentional legal malpractice, the court gave the Appellant one week to file a motion to amend.

Eight days later on May 26, 2004, the Appellant filed a motion to amend claim. Attached as Exhibit 1 to the motion was a proposed second amended proof of claim. The face of the proposed claim did not set forth a basis for the claim but instead referenced an attachment that accompanied the claim. The attachment states: "This is the second amended claim of Dorothy Mingus and the basis for the claim is 'malpractice by intentional acts including fraud, bad faith and collusion.'" Also attached to the motion was a copy of the state court complaint and a copy of the complaint in the dischargeability adversary proceeding. The Debtor filed a memorandum in opposition to the motion to amend, and thereafter, the Appellant filed a reply memorandum.

By order entered June 28, 2004, the bankruptcy court denied the motion to amend. The court observed that the stated basis for the proposed second amended claim, namely, "malpractice by intentional acts including fraud, bad faith and collusion," was the same issue raised in the adversary proceeding in which the bankruptcy court had ruled in favor of the Debtor. Consistent with the court's previous ruling at the May 18, 2004 hearing, the June 28 order also disallowed the Appellant's amended claim with its stated basis of "Intentional malpractice/Fraud," the court observing that the claim was "barred by the legal doctrine of res judicata." It is this June 28 order that the Appellant has timely appealed.[1]

---

[1]The June 28, 2004 order not only disallowed the Appellant's amended claim filed February 27, 2004, but also disallowed the original claim filed by Mingus on December 7, 2001, notwithstanding that the February 27, 2004 proof of claim indicates on its face that it is an amendment of the December 7, 2001 proof of claim. The purpose of the amendment was to set forth that the Estate of Mingus was now the claimant. In all other respects, the two proofs of claim are identical, including the stated basis, "Intentional malpractice/Fraud." Accordingly, while the Panel believes that only the February 27, 2004 claim remained, to the extent the two proofs of claim are two separate claims, this Panel's comments regarding the allowability of the February 27, 2004 claim apply equally to the December 7, 2001 claim.

# IV. DISCUSSION

Before considering the issue of whether denial of the motion to amend was proper, this Panel will first address whether the bankruptcy court was correct in determining that the Appellant's claim was barred by the doctrine of res judicata. Res judicata or claim preclusion "refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit." *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1, 104 S. Ct. 892, 894 n.1 (1984). A claim is barred by the res judicata effect of a prior action if the following elements are present:

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*Browning v. Levy*, 283 F.3d at 771-72 (quoting *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir.1997)).

Applying these four elements to the matter at hand, it is clear that the fourth element is missing. The dischargeability of a debt is "a matter separate from the merits of the debt itself." *Sill v. Sweeney (In re Sweeney)*, 276 B.R. 186, 195 (B.A.P. 6th Cir. 2002). A dischargeability action under 11 U.S.C. § 523(a)(6) encompasses "two distinct claims: (1) whether the debtor owes a debt to the plaintiff and (2) whether the debt owed by the debtor to the plaintiff is nondischargeable." *Id.* at 195-96 (quoting *Jorge v. Mannie (In re Mannie)*, 258 B.R. 440, 444-45 (Bankr. N.D. Cal. 2001)); *see also Matter of Sheridan*, 105 F.3d 1164, 1167 (7th Cir. 1997)("[T]he alleged non-dischargeability of [a] debt presents an issue 'of federal law independent of the issue of the validity of the underlying claim.'")(quoting *Grogan v. Garner*, 498 U.S. 279, 289, 111 S. Ct. 654, 661 (1991)). Although "the bankruptcy court has jurisdiction to adjudge the validity and amount of a claim together with its dischargeability," *Longo v. McLaren (In re McLaren)*, 3 F.3d 958, 965 (6th Cir. 1993), no such request was made in the dischargeability proceeding brought by Mingus. Rather, the only issue raised in the complaint was whether Mingus's state court action against the debtor was nondischargeable under § 523(a)(6) of the Bankruptcy Code, and this was the only issue addressed by the bankruptcy court in its memorandum decision. Because the bankruptcy court's determination of dischargeability was a separate cause of action from the issue of whether a debt

was owed, the court's ruling in this regard has no res judicata effect on the allowability of Appellant's claim.

Nonetheless, the related doctrine of collateral estoppel is applicable. Collateral estoppel or issue preclusion "precludes litigation of an issue already resolved in prior litigation." *Qualicare-Walsh, Inc. v. Ward*, 947 F.2d 823, 826 (6th Cir. 1991).

> Before collateral estoppel may be applied to bar litigation of an issue, four specific requirements must be met:
>
>  (1)  the precise issue raised in the present case must have been raised and actually litigated in the prior proceeding;
>
>  (2)  determination of the issue must have been necessary to the outcome of the prior proceeding;
>
> (3)  the prior proceeding must have resulted in a final judgment on the merits; and
>
> (4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding.

*N.A.A.C.P. v. Detroit Police Officers Ass'n*, 821 F.2d 328, 330 (6th Cir. 1987)(citations omitted).

All of these requirements are met in the present case. The issue before the court in determining the allowability of Appellant's claim was whether a claim existed for "Intentional malpractice/Fraud." Both the original proof of claim filed by Mingus and the amended claim filed by the Appellant expressly referenced the dischargeability adversary proceeding, and the dischargeability complaint itself indicated that the factual basis for the action was "intentional legal malpractice and fraud," the exact language used in the original and amended proofs of claim. As previously quoted, Mingus alleged in the complaint that the debtor "intentionally, willfully and maliciously lied . . . or acted with malice, including bad faith, fraud and collusion [or] intentionally, willfully and maliciously committed malpractice . . . ." In ruling against Mingus in the adversary proceeding, the bankruptcy court concluded the evidence presented did not establish that the Debtor had acted willfully or maliciously, which the court defined as a deliberate or intentional injury. Thus, the precise issue before the bankruptcy court in the claims allowance process, whether the Debtor's conduct constituted intentional malpractice and fraud, was the precise factual determination made by the bankruptcy court in the nondischargeability action. Furthermore, determination of this issue was necessary to the outcome of the nondischargeability proceeding; the adversary proceeding resulted in a final judgment on the merits; and the Appellant, the party against whom estoppel is

sought, had a full and fair opportunity to litigate the issue in the adversary proceeding. Based on all of the foregoing, collateral estoppel or issue preclusion bars the relitigation of the "Intentional malpractice/Fraud" issues. As such, the bankruptcy court's ruling disallowing the Appellant's claim as filed was correct.

The Panel turns next to the bankruptcy court's denial of the Appellant's motion to amend. As previously noted, the bankruptcy court denied the motion because it concluded that the stated basis for the proposed second amended claim, "malpractice by intentional acts including fraud, bad faith and collusion," was in essence the same theory raised in the previous proofs of claim, and thus also precluded by the adversary proceeding ruling. If the phrase utilized by the Appellant in the proposed second amended claim refers only to intentional malpractice and fraud, then presumably the bankruptcy court would be correct. The Appellant contends, however, that the phrase includes the concept of negligent malpractice. In fact, the Appellant made this argument in its supplemental brief supporting its motion to amend and even tried to clarify its position by attaching a Revised Second Amended Proof of Claim, which explicitly stated that the basis of its claim was "malpractice whether by negligence or by intentional acts including fraud, bad faith and collusion." It does not appear that the bankruptcy court was aware of this proposed revised second amendment when it ruled on the motion to amend as the court's order only referenced the proposed second amended claim attached to the motion to amend.[2] From the bankruptcy court's comments at the hearing, it was clear that the court understood the distinction the Appellant was making between intentional legal malpractice and ordinary legal malpractice, which arguably may be based on mere negligence, and anticipated that the amendment would raise this additional ground for relief. Seeing that the proposed second amended claim again referenced intentional acts, the court denied the motion to amend, likewise based on the preclusive effect of the dischargeability ruling. In this respect, the Panel finds that the bankruptcy court was in error.

The phrase "malpractice by intentional acts including fraud, bad faith and collusion," is broad enough to include the concept of negligence. The use of the word "including" in a definition does not connote exclusiveness. Hence, the phrase could be read as saying "malpractice by

---

[2]Perhaps the bankruptcy court failed to address the Revised Second Amended Proof of Claim because it was attached to a reply memorandum, not in the Official Form format for a proof of claim, and was filed on June 21, 2004, more than a month after the May18, 2004 hearing and thus, outside the court's one-week directive.

intentional acts including fraud, bad faith and collusion [but not limited to fraud, bad faith and collusion]." Or, to put it another way, the phrase could be interpreted to mean "malpractice by intentional acts." Of course, negligence can result from acts that are done intentionally. The lawyer intends to draft a will in a certain manner. The surgeon intends to make the cut in a certain way. If the will is drawn incorrectly, if the cut is incorrectly made, and if in both instances the professional standard of care is not met, then the intentional acts of the lawyer and surgeon may be found negligent acts. As such, negligent acts can be intentional acts by an actor that do not meet the requisite standard of care imposed by the law.

Because the phrase "malpractice by intentional acts including fraud, bad faith and collusion," also encompasses negligent malpractice, the Appellant's claim for negligent malpractice is precluded only if this precise issue had been raised in the adversary proceeding. As the previous discussion disclosed, it was not. The complaint only raised intentional legal malpractice and fraud and only made allegations regarding the debtor's intentional, willful, and malicious actions. Negligence was neither raised nor addressed by the bankruptcy court in the dischargeability determination. Therefore, issue preclusion does not bar the Appellant's proposed second amended claim.

The Appellee argues in this appeal that even if the Appellant's proposed second amended claim included a claim for negligent legal malpractice, the motion to amend was properly denied because the claim was filed after the claims bar deadline. At the time the motion to amend was filed, the deadline for filing proofs of claim had passed. The Appellee argues that a claim based on negligent legal malpractice is a new and different claim from the intentional legal malpractice and fraud asserted earlier. However, as the Appellant points out, the claim based on negligent legal malpractice arises out of the same operative facts as its earlier claim for intentional legal malpractice. A creditor can amend its claim after the claims bar date to assert a new theory based on the operative facts that support the original claim. *See Szatkowski v. Meade Tool & Die Co. (In re Meade Tool & Die Co.)*, 164 F.2d 228, 231 (6th Cir. 1947). Accordingly, the revised second amended claim would relate back to the original claim and it would be deemed timely.

## V. CONCLUSION

Relitigation of the Estate of Mingus's claim for "Intentional malpractice/Fraud" was precluded by the doctrine of collateral estoppel. Accordingly, the decision of the bankruptcy court disallowing on this basis the Estate of Mingus's amended claim will be AFFIRMED. Because the claim asserted in the proposed second amended claim attached to the motion to amend was not barred by collateral estoppel except to the extent that it encompassed intentional acts of misconduct by the Debtor, denial of the motion to amend on the basis of res judicata was erroneous. The bankruptcy court's decision denying the motion to amend will be REVERSED and the bankruptcy case REMANDED for further entry of proceedings commensurate herewith.